AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>Sophia Toney<br><br>*Defendant(s)* | Case No. 11-mj-2018(JS) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 31, 2011** in the county of **Cumberland** in the District of **New Jersey**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 1073 | Knowingly moving and traveling in interstate commerce from Cumberland County, New Jersey, to a location in the State of Arizona and elsewhere, with intent to avoid prosecution on a charge of kidnaping, in violation of New Jersey Statute 2C:13-1B(4) (1 count) |

This criminal complaint is based on these facts:

See Attachment

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher C. Kopp, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/11/2011

*Judge's signature*

City and state: Camden, New Jersey

Hon. Joel Schneider, U.S. Magistrate Judge
*Printed name and title*

## **ATTACHMENT**

1.  I, Christopher C. Kopp, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Atlantic City Resident Agency, have knowledge of the facts set forth below as a direct result of my participation in this investigation as well as from my review of court documents and reports from, and discussions with, other law enforcement personnel.

2.  An individual identified herein as VP is the father of a two-year-old child identified herein as CP. SOPHIA TONEY is CP's mother. CP was born in Texas where TONEY was stationed as a member of the United States military.

3.  In early 2009, TONEY moved to New Jersey where she resided for approximately five months before leaving. In or about September 2010, TONEY returned to New Jersey and established a residence in Vineland, New Jersey.

4.  In early November 2010, TONEY dropped CP off at VP's residence and stated, in substance and in part, that she wanted nothing to do with CP, and gave VP all of CP's clothing, possessions, and effects. Approximately two weeks later, on or about November 17, 2010, TONEY returned and demanded that CP be returned to her. Local law enforcement officials subsequently responded and ordered TONEY and VP to appear in family court the following day.

5.  On or about November 18, 2010, the Superior Court of New Jersey, Chancery Division - Family Part, the Honorable Gary D. Wodlinger presiding, ordered that VP was to have temporary, full custody of CP. Judge Wodlinger further ordered that TONEY was permitted to have supervised contact with CP. Judge Wodlinger noted in his order that TONEY and VP acknowledged that VP was CP's father.

6.  During a subsequent hearing in December 2010, Judge Wodlinger ordered that TONEY and VP were to share custody of CP. Judge Wodlinger further ordered that TONEY and VP were to begin mediation to arrive at a custody arrangement. TONEY subsequently stated to Judge Wodlinger and mediation officials, in substance and in part, that she (TONEY) was considering taking CP to the Navajo Indian Reservation located in Chinle, Arizona, where TONEY was a member, and where, according to TONEY, Judge Wodlinger and the State of New Jersey had no jurisdiction. Judge Wodlinger ordered TONEY to not leave the State of New Jersey with CP.

7.  On or about January 26, 2011, TONEY picked up CP from VP pursuant to the terms of a custody arrangement. On or about January 31, 2011, TONEY failed to return CP to VP as required under the custody arrangement. VP was unable to locate TONEY or contact her by telephone.

8.   On or about February 1, 2011, VP received confirmation from relatives that TONEY was in Chinle, Arizona, with CP. Local law enforcement authorities and the Cumberland County Prosecutor's Office ("CCPO") subsequently obtained a warrant for TONEY charging her with Interference with Custody in violation of New Jersey Statute 2C:13-4A(4). Judge Wodlinger also ordered that VP was to have temporary, full custody of CP.

9.   VP contacted the police department in Chinle, Arizona. VP was advised by the police department, in substance and in part, that the warrant obtained by the CCPO lacked jurisdiction on the Navajo Indian Reservation. The Chinle Police Department located TONEY and served her with a copy of Judge Wodlinger's order granting custody of CP to VP.

10.   On or about February 10, 2011, Judge Wodlinger ordered that VP was to have permanent, full custody of CP.

11.   On February 17, 2011, the CCPO obtained a warrant for TONEY charging her with Kidnaping in violation of New Jersey Statute 2C:13-1B(4) with full extradition throughout the United States pursuant to Warrant # W-2011-000714-0614.

12.   On March 7, 2011, Lieutenant Jasmin Calderon of the CCPO interviewed an individual identified herein as JP, who is the father of VP and the grandfather of CP. During the interview, JP had a telephone conversation with TONEY. JP placed the telephone on speaker mode and Lieutenant Calderon was able to hear the conversation. During the conversation, TONEY stated, in substance and in part, that she was aware of the warrant for her arrest and that she was not concerned about the warrant.

13.   Later on March 7, 2011, TONEY telephoned Lieutenant Calderon. During the conversation, TONEY stated, in substance and in part, that she knowingly left the State of New Jersey in violation of Judge Wodlinger's order, that she was not going to return to New Jersey, and that she was not going to allow VP to have custody of CP.